**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5139-18

PROCTOR PROPERTIES, LLC,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF COMMUNITY
AFFAIRS, DIVISION OF HOUSING,

    Defendant-Respondent.

_____

> Submitted January 27, 2021 – Decided May 17, 2021
>
> Before Judges Alvarez and Sumners.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket Nos. L-2055-12 and L-4227-17.
>
> Stephen J. Buividas, attorney for appellant.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Jonathan S. Sussman, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Proctor Properties, LLC, appeals from the June 14, 2019, judgment rendered after a bench trial finding no cause of action against defendant State of New Jersey, Department of Community Affairs, Division of Housing (DCA). We earlier reversed summary judgment granted to DCA on plaintiff's 2012 complaint, on procedural and substantive grounds, and remanded the matter for trial. Proctor Props., LLC v. State of N.J., Dep't of Cmty. Affs., Div. of Hous., No. A-5425-15 (App. Div. Dec. 22, 2017). Plaintiff owns apartments in Camden offered to subsidized housing tenants. For the reasons stated by the trial judge, we affirm, adding very brief comments.

The judge tried the case on plaintiff's 2012 complaint, which alleged DCA breached a 2007 agreement that resolved an earlier lawsuit, and plaintiff's 2017 complaint, also alleging breach of contract, as well as breach of the covenant of good faith and fair dealing and retaliation. The 2007 settlement called for DCA to "mail six, separate applications to Proctor Properties, LLC, c/o Jesse Proctor, for participation in the Division's Tenant-Based Housing Assistance Program ('HAP'), upon the determination that the HAP has availabilities for such participation in Camden County." It is undisputed that DCA made the $30,000 payment also called for by the agreement.

At trial, plaintiff sought to prove the lists of prescreened names DCA supplied did not satisfy DCA's contractual commitment, claiming the prospective tenants had obtained other housing when contacted or were ineligible to participate in the program. The judge found, to the contrary, that DCA proved it provided plaintiff with more than 200 names of prequalified prospective tenants for the tenant-based voucher program in 2010, 2012, and 2013.

The judge further found that DCA did not breach the settlement agreement, because plaintiff's units were ultimately occupied by tenants whose names were provided by DCA. He also observed that tenants have an independent right to choose whether to rent a particular apartment, so it would not have been reasonable for plaintiff to assume that DCA had committed to supplying six actual tenants. DCA could neither guarantee that tenants would be interested in occupying plaintiff's units nor that they would rent permanently. Despite delays, the judge considered DCA's efforts reasonable and made in good faith, thus constituting substantial performance.

Additionally, plaintiff contended DCA had retaliated against it because it was removed from a more favorable unit-based housing program after the first lawsuit, filed in 2004. DCA introduced proof that the particular program at

3

issue—the Moderate Rehabilitation Program (MOD)—was terminated by the federal government and replaced with the tenant-based program. Plaintiff had actually remained in the unit-based program improperly for a number of years due to administrative oversight.

During plaintiff's case-in-chief, it produced a witness, John Bada, a DCA employee who had allegedly told plaintiff's owner that DCA removed his units from the unit-based housing program as retaliation. Bada adamantly denied having ever made such a statement.

Plaintiff also attempted to demonstrate that DCA retaliated by removing a program tenant as ineligible. The tenant in question, called as plaintiff's witness, testified she was terminated from the program because her income exceeded program guidelines. Unsurprisingly, the judge concluded plaintiff failed to prove retaliation. Hence, the judge opined that plaintiff failed to establish any cause of action—breach of contract, bad faith, or retaliation.

Now on appeal, plaintiff raises the following points:

POINT I

DEFENDANT BREACHED THE SETTLEMENT AGREEMENT BECAUSE ANY PERFORMANCE WHICH IT EVENTUALLY TENDERED OCCURRED TOO LATE TO CONSTITUTE PERFORMANCE OF THE AGREEMENT.

POINT II

DEFENDANT HAS PRODUCED ABSOLUTELY NO EVIDENCE OF COMPLIANCE AS TO AT LEAST ONE OF THE UNITS WHICH WAS THE SUBJECT OF THE SETTLEMENT AGREEMENT.

POINT III

EVEN IF THE TRIAL COURT HAD BEEN CORRECT THAT DEFENDANT EVENTUALLY COMPLIED WITH THE SETTLEMENT AGREEMENT, THE COURT NEVERTHELESS FAILED TO CONSIDER THE ISSUE OF PLAINTIFF'S RIGHT TO RECOVER DAMAGES FOR THE YEARS DURING WHICH IT RECEIVED REDUCED RENTS BECAUSE OF DEFENDANT' S DELAY.

POINT IV

THE COURT ALSO ERRED IN REFUSING TO AWARD ANY DAMAGES FOR TIME PERIODS DURING WHICH TENANTS HELD OVER AFTER INFORMING THE STATE THAT THEY WOULD BE LEAVING, OR FOR ADDITIONAL AMOUNTS PLAINTIFF WAS REQUIRED TO PAY ON BEHALF OF [C.B.] SO THAT SHE COULD REMAIN A TENANT.

POINT V

DEFENDANT SHOULD NOT BE PERMITTED TO EVADE LIABILITY SINCE PLAINTIFF RELIED TO ITS DETRIMENT ON THE FALSE PROMISES AND REPRESENTATIONS OF DEFENDANT.

POINT VI

AMPLE EVIDENCE WAS PRESENTED TO SUPPORT PLAINTIFF'S CLAIM OF RETALIATION.

We review contract interpretation de novo as it involves a question of law. Kieffer v. Best Buy, 205 N.J. 213, 222-23 (2011). However, we review a trial court's factual determinations, made after a bench trial, deferentially. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). Those determinations are not disturbed unless "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." Ibid. (citing Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)).

In this case, the judge's findings were amply supported by the evidence, and those circumstances in turn supported the judge's determination that DCA substantially performed its obligations according to the settlement agreement. Under the plain and ordinary meaning of the words, plaintiff was entitled only to six applications, all from participants in a tenant-based program. DCA provided plaintiff with many more than six prescreened names, and all of plaintiff's units were eventually occupied after reasonable, good faith efforts on

A-5139-18

DCA's part to comply. Thus, plaintiff had no basis for an award of damages for any contractual breach.

Equally lacking in merit is plaintiff's argument that it should not have been terminated from the MOD program because it detrimentally relied upon DCA's administrative error, or that removal from the program was retaliation. DCA cannot be expected to engage in conduct that violates federal law.

Our review of the record establishes the judge's decision, well-grounded in the evidence, was supported by relevant precedents. It does not "offend the interests of justice . . . ." D'Agostino, 216 N.J. at 182 (quoting Seidman, 205 N.J. at 169). Plaintiff's arguments do not warrant further discussion in a written decision. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5139-18